IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| EXCENTUS CORPORATION | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 1:09-cv-00106-C |
| SAFEWAY, INC., BLACKHAWK | § | |
| NETWORK, INC., BLACKHAWK | § | |
| MARKETING, LLC AND RANDALL'S | § | |
| FOOD & DRUGS, LP, | § | |
| | § | |
| Defendant. | § | |

**DEFENDANTS' MOTION AND BRIEF IN SUPPORT THEREOF TO DISMISS
ALL COUNTS BASED ON COMPUTER PROGRAM ELEMENTS AND CLAIMS
FOR COMMON LAW MISAPPROPRIATION, UNFAIR COMPETITION, AND
<u>IMPOSITION OF A CONSTRUCTIVE TRUST</u>**

# TABLE OF CONTENTS

I.    INTRODUCTION ..............................................................................................1

II.   APPLICABLE LAW .........................................................................................3

      A.    Texas Law Supplies the Rules of Decision for the
            Non-Patent Claims. ...............................................................................3

      B.    Pleading Standards. ...............................................................................7

III.  ARGUMENT ....................................................................................................8

      A.    The Federal Copyright Act Preempts Plaintiff's Tort
            Claims for Defendants' Alleged Misuse of
            Plaintiff's Software, Source Code, Schema, and
            Logic. .....................................................................................................8

      B.    Plaintiff Fails to State a Cognizable Claim for Texas
            Common Law Misappropriation. ..........................................................12

            1.    Plaintiff fails to plead that a tangible product
                  has been misappropriated. ..........................................................12

            2.    Plaintiff also fails to plead competition with
                  Defendants. .................................................................................14

      C.    Plaintiff's California Cause of Action for Unfair
            Competition Should Be Dismissed. ......................................................15

      D.    Plaintiff Pleads No Basis for Unjust
            Enrichment/Constructive Trust. ............................................................17

            1.    Plaintiff fails to plead any fiduciary
                  relationship justifying the imposition of a
                  constructive trust. ......................................................................18

            2.    Plaintiff fails to allege any fraud. ..............................................19

            3.    A constructive trust is not an appropriate
                  remedy in this case. ....................................................................21

IV.   CONCLUSION ................................................................................................22

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Aldridge v. The Gap, Inc.*,
866 F. Supp. 312 (N.D. Tex. 1994) ....................................................................................10

*Ashcroft v. Iqbal*,
129 S. Ct. 1937 (2009)..............................................................................................7, 8, 14, 15

*Benchmark Electronics, Inc. v. J.M. Huber Corp.*,
343 F.3d 719 (5th Cir. 2003) .................................................................................................3

*Berry v. Indianapolis Life Ins. Co.*,
No. 3:08-CV-0248, 2009 WL 2345116 (N.D. Tex. July 16, 2009)....................................8, 20

*Berry v. Indianapolis Life Ins. Co.*,
No. 3:08-CV-0248-B, 2009 WL 424545 (N.D. Tex. Feb. 19, 2009) ...................................4, 6

*Bott v. J.F. Shea Co.*,
388 F.3d 530 (5th Cir. 2004) .................................................................................................3

*Butler v. Continental Airlines, Inc.*,
31 S.W.3d 642 (Tex. App.—Houston [1st Dist.] 2000, pet. denied)...........................10, 11, 12

*Butler v. Continental Airlines, Inc.*,
No. Civ.A. 01-2194, 2001 WL 1509545 (S.D. Tex. Nov. 19, 2001)................................11, 12

*Butler v. Continental Airlines, Inc.*,
No. 95-044257, 1997 WL 34673300 (157th Dist. Ct., Harris County, Tex.
Nov. 24, 1997) ......................................................................................................................11

*Camacho v. Montes*,
No. 07-05-0003-CV, 2006 WL 2660744 (Tex. App.—Amarillo 2006, no pet.).....................18

*Crater Corp. v. Lucent Techs., Inc.*,
423 F.3d 1260 (Fed. Cir. 2005)..............................................................................................19

*Daboub v. Gibbons*,
42 F.3d 285 (5th Cir. 1995) ..........................................................................................9, 10, 11

*Do v. Pilgrim's Pride Corp.*,
No. 9:05CV238, 2006 WL 2290556 (E.D. Tex. Aug. 9, 2006)..............................................21

*Dresser-Rand Co. v. Virtual Automation Inc.*,
361 F.3d 831 (5th Cir. 2004) .......................................................................................12, 13, 14

*DSMC, Inc. v. Convera Corp.*,
    479 F. Supp. 2d 68 (D.D.C. 2007) .........................................................................9

*Duncan v. Cessna Aircraft Co.*,
    665 S.W.2d 414 (Tex. 1984) .................................................................................4

*Eng'g Dynamics, Inc. v. Structural Software, Inc.*,
    26 F.3d 1335 (5th Cir. 1994) ...............................................................................9

*Estate of Merkel v. United States*,
    No. 3:06-CV-1891-D, 2009 WL 256508, (N.D. Tex. Feb. 4, 2009) .....................19

*Everett v. TK-Taito, L.L.C.*,
    178 S.W.3d 844 (Tex. App.—Fort Worth 2005, no pet.) ...............................18, 21

*Feist Pubs., Inc. v. Rural Telephone Serv. Co.*,
    499 U.S. 340 (1991) .............................................................................................9

*Frosty Bites, Inc. v. Dippin' Dots, Inc.*,
    No. 3-01-CV-1532-M, 2003 WL 21196247 (N.D. Tex. May 19, 2003) ..................4

*Furr's, Inc. v. United Specialty Advertising Co.*,
    385 S.W.2d 456 (Tex. Civ. App.—El Paso 1964, writ ref'd n.r.e.) .......................14

*Gilmore v. Sammons*,
    269 S.W. 861 (Tex. Civ. App.—Dallas 1925, writ ref'd) .....................................13

*Gutierrez v. Collins*,
    583 S.W.2d 312 (Tex. 1979) .................................................................................4

*Hartford Underwriters Ins. Co. v. Found. Health Servs., Inc.*,
    524 F.3d 588 (5th Cir. 2008) ...............................................................................3

*Hudgens v. Goen*,
    673 S.W.2d 420 (Tex. App.—Fort Worth, writ ref'd n.r.e.) .................................17

*In re Bailey Pontiac, Inc.*,
    129 B.R. 629 (N.D. Tex. 1992) ...........................................................................18

*In re Bradley*,
    501 F.3d 421 (5th Cir. 2007) ..............................................................................19

*In re Monnig's Dep't Stores, Inc.*,
    929 F.2d 197 (5th Cir. 1991) ..............................................................................18

*Info-Power Int'l, Inc. v. Coldwater Tech., Inc.*,
    No. 3:07CV0937-P, 2008 WL 5552245 (N.D. Tex. Dec. 31, 2008) .......................9

*Jelec USA, Inc. v. Safety Controls, Inc.*,
    498 F. Supp. 2d 945 (S.D. Tex. 2007) ...............................................................................5, 6

*Jordan v. Hagler*,
    179 S.W.3d 217 (Tex. App.—Fort Worth 2005, no pet.) ........................................................21

*Junker v. Eddings*,
    396 F.3d 1359 (Fed. Cir. 2005).................................................................................................19

*Kean v. Fox Television Stations, Inc.*,
    297 F. Supp. 2d 921 (S.D. Tex. 2004) ......................................................................................13

*Kepner-Tregoe, Inc. v. Leadership Software, Inc.*,
    12 F.3d 527 (5th Cir. 1994) ........................................................................................................9

*King Aerospace Commercial Corp. v. Al-Anwa Aviation, Inc.*,
    No. 3:08-CV-0999-L, 2009 WL 804122 (N.D. Tex. Mar. 25, 2009) ...................................3, 4

*Lechner v. Citimortgage, Inc.*,
    No. 4:09-CV-302-Y, 2009 WL 2356142 (N.D. Tex. July 29, 2009)...................................8, 21

*Loeb v. Turner*,
    257 S.W.2d 800 (Tex. Civ. App.—Dallas 1953, no writ) ........................................................14

*Madera Prod. Co. v. Atl. Richfield Co.*,
    No. CA 3-96-CV-2951, 1998 WL 292872 (N.D. Tex. June 1, 1998) .....................................19

*Mann v. Bank of Am., N.A.*,
    No. 3:08-CV-01997-O, 2009 WL 2135790 (N.D. Tex. July 19, 2009).........................8, 14, 15

*Medford v. Medford*,
    68 S.W.3d 242 (Tex. App.—Fort Worth 2002, no pet.).........................................................21

*MGE UPS Sys., Inc. v. Fakouri Elec. Eng'g, Inc.*,
    422 F. Supp. 2d 724 (N.D. Tex. 2006) ......................................................................................4

*MicroSource, Inc. v. Superior Signs, Inc.*,
    No. CIV.A.3:97-CV-2733-G, 1998 WL 119537 (N.D. Tex. Mar. 9, 1998).....................10, 11

*MW Builders of Tex., Inc. v. City of Wichita Falls*,
    No. 7:08-CV-00192-O, 2009 WL 2365443 (N.D. Tex. July 31, 2009)....................................7

*Norman v. Apache Corp.*,
    19 F.3d 1017 (5th Cir. 1994) ....................................................................................................21

*Plotkin v. IP Axess Inc.*,
    407 F.3d 690, 696 (5th Cir. 2005) ......................................................................................8, 21

*Recursion Software, Inc. v. Interactive Intelligence, Inc.*,
  425 F. Supp. 2d 756 (N.D. Tex. 2006) ...............................................................11

*Reliable Ambulance Serv., Inc. v. Mercy Hosp. of Laredo*,
  No. 04-02-00188-CV, 2003 WL 21972724 (Tex. App.—San Antonio 2003,
  pet. denied)........................................................................................................16

*Seatrax, Inc. v. Sonbeck Int'l, Inc.*,
  200 F.3d 358 (5th Cir. 2000) .......................................................................16, 17

*Synercom Tech. Inc. v. Univ. Computing Co.*,
  474 F. Supp. 37 (N.D. Tex. 1982) ...............................................................13, 17

*Ternium Int'l USA Corp. v. Consolidated Sys., Inc.*,
  No. 3:08-CV-0816-G, 2009 WL 804119 (N.D. Tex. Mar. 25, 2009)............................4, 6, 16

*Tobin v. AMR Corp.*,
  No. 3:08-cv-00697, 2009 WL 2025152 (N.D. Tex. July 8, 2009)...........................................6

*Trustees of Casa View Assembly of God Church v. Williams*,
  414 S.W.2d 697 (Tex. Civ. App.—Austin 1967, no writ) ....................................................19

*U.S. Sporting Prods. v. Johnny Stewart Game Calls, Inc.*,
  865 S.W.2d 214 (Tex. App.—Waco 1993, writ denied) ...........................................12, 13, 14

*United States v. Arbuckle*,
  No. 4:06cr198, 2008 WL 4279936 (E.D. Tex. Sept. 15, 2008)..............................................18

*Vault Corp. v. Quaid Software Ltd.*,
  847 F.2d 255 (5th Cir. 1988) .................................................................................................9

*Warfield v. Carnie*,
  No. 3:04-cv-633-R, 2007 WL 1112591 (N.D. Tex. Apr. 13, 2007)........................................5

## Statutes

17 U.S.C. § 106...........................................................................................................10, 11

17 U.S.C. § 301.............................................................................................................9, 10

28 U.S.C. § 1295(a)(1).......................................................................................................19

28 U.S.C. § 1332..................................................................................................................3

28 U.S.C. § 1338(a) ...........................................................................................................19

28 U.S.C. § 1367..................................................................................................................3

CAL. BUS. & PROF. CODE § 17200 .............................................................................................15, 16


**OTHER AUTHORITIES**

FED. R. CIV. P. 8 ...........................................................................................................7, 8, 13, 20

FED. R. CIV. P. 9 .......................................................................................................1, 8, 20, 21, 22

FED. R. CIV. P. 12 ........................................................................................................... passim

James E. Hudson, III, *A Survey of the Texas Unfair-Competition Tort of Common-Law Misappropriation*, 50 BAYLOR L. REV. 921 (1998) ........................................................16

RESTATEMENT (SECOND) OF CONFLICT OF LAWS.........................................................................4

Defendants Safeway Inc. ("Safeway"); Blackhawk Network, Inc. ("Blackhawk Network"); Blackhawk Marketing, LLC; and Randall's Food & Drugs LP ("Randall's") (collectively, "Defendants") respectfully request this Court to dismiss 1) Plaintiff's tort causes of action for Defendants' alleged misuse of Plaintiff's software, source code, schema, and logic; 2) Plaintiff's claim for the Texas common law tort of misappropriation; 3) Plaintiff's California cause of action for unfair competition; and 4) Plaintiff's request for a constructive trust based upon unjust enrichment, pursuant to Federal Rules of Civil Procedure 9(b), 12(b)(1), and 12(b)(6).  In support thereof, Defendants respectfully submit this Motion and Brief, cite the legal authorities below, and attach hereto the Declaration of Jonathan Yim and exhibits attached thereto.

## I.  INTRODUCTION

Plaintiff has sued Defendants on nine claims: infringement of U.S. Patent No. 6,321,984, infringement of U.S. Patent No. 6,332,128, infringement of U.S. Patent No. 6,732,081, infringement of U.S. Patent No. 7,383,204, Texas common law misappropriation of trade secrets, Texas common law misappropriation, California statutory unfair competition, Texas common law unjust enrichment/constructive trust, and request injunctive and other equitable relief.  Plaintiff's allegations stem from various business dealings between certain Defendants and CCISTech and Plaintiff (f/k/a CCISTech (Compl. ¶ 22)), which ultimately resulted in the decision to cease business dealings with Plaintiff.

Plaintiff's state law causes of action based upon the allegation that Defendants misappropriated and misused Plaintiff's "software, source code, schema, [and] logic" (Compl. ¶ 49) must be dismissed because Federal Copyright law preempts any such

claims.  It is well settled law that computer programs fall squarely within the subject matter of copyright.  Further, Plaintiff's other state law causes of action—misappropriation of trade secrets, common law misappropriation, unfair competition, and unjust enrichment—are the equivalent of copyright claims.  Thus these claims are preempted by Federal Copyright law.

Plaintiff's Texas common law claim for misappropriation must be dismissed because Plaintiff fails to plead that Defendants misappropriated a *tangible product*—common law misappropriation does not apply to ideas—and Plaintiff also fails to plead competition between itself and Defendants.

Plaintiff's cause of action for California statutory unfair competition must be dismissed because Texas law, not California law, governs the non-patent issues in this case.  Further, Plaintiff fails to plead any cognizable claim under Texas law for unfair competition.

Lastly, Plaintiff's request for the imposition of a constructive trust must be dismissed because Plaintiff fails to plead any fiduciary relationship between the parties, Plaintiff fails to plead any fraud, and a constructive trust is an inappropriate remedy in this case.  Plaintiff's other causes of action—including patent infringement and misappropriation of trade secrets—can provide more than adequate remedies for the alleged wrongs.  The Court should grant this Motion to dismiss the claims improperly pleaded so that the parties and the Court may focus on the genuine issues in controversy.

## II.  APPLICABLE LAW

### A.  Texas Law Supplies the Rules of Decision for the Non-Patent Claims.

The law of Texas governs the determination of the non-patent claims in this suit. Federal courts sitting in diversity apply the choice of law rules of the forum state.[1] Because Plaintiff has pleaded that the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 for the non-patent claims (Compl. ¶ 10), Texas choice of law rules apply.[2]

Texas has adopted the "most significant relationship" analysis for determining the substantive law for tort actions.[3]  Specifically, to determine the state with the most

---

[1] *Hartford Underwriters Ins. Co. v. Found. Health Servs., Inc.*, 524 F.3d 588, 593 (5th Cir. 2008).

[2] Plaintiff pleads in the alternative that the Court has supplemental jurisdiction over the non-patent claims, but the Court will still apply Texas choice of law rules even if supplemental jurisdiction under 28 U.S.C. § 1367 controls.  *See Bott v. J.F. Shea Co.*, 388 F.3d 530, 533 n.3 (5th Cir. 2004).

[3] *King Aerospace Commercial Corp. v. Al-Anwa Aviation, Inc.*, No. 3:08-CV-0999-L, 2009 WL 804122, at *4 (N.D. Tex. Mar. 25, 2009) (citing *Duncan v. Cessna Aircraft Co.*, 665 S.W.2d 414, 420-21 (Tex. 1984)).

Defendants respectfully submit that, because all four of Excentus's non-patent claims sound in tort (*see* Compl. ¶¶ 48-56), the conflict of laws analysis should be conducted without regard to any choice of law agreements between the parties.  Although two nondisclosure agreements exist among the parties, neither of the choice of law clauses in the nondisclosure agreements extends to tort claims: one clause reads "this Agreement . . . shall be governed by the laws of the State of Texas" (App. 8). And the other reads "[t]his Agreement shall be governed by the laws of the State of California" (App. 12).  The Fifth Circuit evaluated a nearly identical choice of law clause that read "the 'Agreement shall be governed by, and construed in accordance with, the internal laws of the State of New York'" in *Benchmark Electronics, Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 726 (5th Cir. 2003), and it held that this clause "does not, however, address the parties' entire relationship; Benchmark's claims of fraud and negligent misrepresentation are not governed by the parties' narrow choice of law provision."  Similarly, the narrowly drafted choice of law clauses in this case do not govern Excentus's various tort claims.

If Excentus argues that its non-patent claims are not governed by Texas law, Defendants will file a motion with the Court to further clarify the applicable law.

significant relationship, courts consider the factors in section 145 of the Restatement

(Second) of Conflict of Laws[4]:

> (a) the place where the injury occurred,
>
> (b) the place where the conduct causing the injury occurred,
>
> (c) the domicil, residence, nationality, place of incorporation and place of business of the parties, and
>
> (d) the place where the relationship, if any, between the parties is centered.

All four Restatement factors point towards Texas:

▪ First, the place where the alleged injury occurred—the most important factor in determining the choice of law—is in Texas. In cases where a company has allegedly suffered from a tort, courts conclude that the situs of injury is where the company

---

[4] *Duncan*, 665 S.W.2d at 420-21. Texas Supreme Court adopted sections 6 ("Choice-of-Law Principles") and 145 ("The General Principle" for torts) of the Restatement (Second) in *Gutierrez v. Collins*, 583 S.W.2d 312, 318-19 (Tex. 1979). After announcing the section 6 factors, the Texas Supreme Court then immediately skipped the section 6 factors in coming to its conclusion that "[i]t would seem that most courts considering the instant case would dispose of the question by ruling as a matter of law that Texas has the most significant relationship." *Id.* at 319. Courts in the Northern District of Texas similarly analyze conflicts of law per section 145 without regard to section 6. *See, e.g.*, *King Aerospace Commercial Corp. v. Al-Anwa Aviation, Inc.*, No. 3:08-CV-0999-L, 2009 WL 804122, at *4 (N.D. Tex. Mar. 25, 2009); *Ternium Int'l USA Corp. v. Consolidated Sys., Inc.*, No. 3:08-CV-0816-G, 2009 WL 804119, at *2 (N.D. Tex. Mar. 25, 2009); *Berry v. Indianapolis Life Ins. Co.*, No. 3:08-CV-0248-B, 2009 WL 424545, at *3 (N.D. Tex. Feb. 19, 2009); *MGE UPS Sys., Inc. v. Fakouri Elec. Eng'g, Inc.*, 422 F. Supp. 2d 724, 739 (N.D. Tex. 2006); *Frosty Bites, Inc. v. Dippin' Dots, Inc*., No. 3-01-CV-1532-M, 2003 WL 21196247, at *3 (N.D. Tex. May 19, 2003).

maintains its principal place of business.[5]   Because Plaintiff maintains its principal

place of business in Texas (Compl. ¶ 5), any alleged injury to it occurred in Texas.[6]

- Second, the place where the conduct causing the alleged injury occurred is in Texas.
  With causes of action such as the various unfair competition torts alleged in
  Plaintiff's Complaint, the situs of the injury-causing conduct is where it was
  directed.[7]   Again, because Plaintiff's principal place of business is in Texas (Compl. ¶
  5), the conduct allegedly causing injury was directed towards Texas, which therefore
  is also the place where the conduct causing the injury occurred.

- Third, the place of incorporation and place of business of the parties weigh slightly in
  favor of Texas.   Although Plaintiff is a Texas entity (Compl. ¶ 5), Safeway,
  Blackhawk Marketing, LLC and Randall's are Delaware entities (Compl. ¶¶ 6, 8, 9),
  and Blackhawk Network is an Arizona entity (Compl. ¶ 7), all of the parties are
  alleged to conduct business in Texas (Compl. ¶¶ 5-9).

- Fourth, the place where the relationship between the parties is centered is in Texas.
  Safeway and Blackhawk Network allegedly made numerous visits over the course of
  eight years to the Texas locations of CCISTech, Plaintiff, and Auto-Gas, allegedly to
  pursue business opportunities in Texas with these companies.   (*See* Compl. ¶¶ 22-26.)

---

[5] *See Warfield v. Carnie*, No. 3:04-cv-633-R, 2007 WL 1112591, at *8 (N.D. Tex. Apr. 13, 2007) ("RDI and several of its affiliates . . . had their principle [sic] places of business in Washington.  In fact, all of RDI's business was conducted from its Tacoma office.  By implication, RDI bore its 'injuries' from the fraudulent transfers in Washington").

[6] *See Jelec USA, Inc. v. Safety Controls, Inc.*, 498 F. Supp. 2d 945, 952 (S.D. Tex. 2007) ("Although the parties disagree on the location of the injuries alleged by Jelec, the court finds that the situs of the injuries is Texas. . . . the information which was allegedly misappropriated w[as] directed toward a Texas company").

[7] *See id.*

Furthermore, Safeway and Blackhawk Network allegedly sought to acquire both Plaintiff and Auto-Gas in Texas.  (Compl. ¶ 26.)  Plaintiff ambiguously refers to Blackhawk Network and Safeway's "numerous discussions with Plaintiff – in both the Northern District of Texas and in California."  (Compl. ¶ 23.)  But in fact, only one meeting between the parties took place at Safeway's headquarters in Pleasanton, California.

Furthermore, the Northern District of Texas has held that in tort cases "the applicable law will usually be the local law of the state where the injury occurred."[8] Although the Court may decide which state's law applies to each issue,[9] the Court should apply the same state's law to all issues here because all of Plaintiff's non-patent claims arise from the same nucleus of alleged facts—Defendants' alleged misappropriation of plaintiff's "systems, trade secrets and confidential information" (Compl. ¶¶ 15, 18, 19).[10] Thus, Texas has the most significant relationship to all non-patent claims in this case, and the Court should accordingly apply Texas law.

---

[8] *Berry*, 2009 WL 424545, at *3 (quoting RESTATEMENT (SECOND) CONFLICT OF LAWS § 156(2) (1971)).

[9] *Tobin v. AMR Corp.*, No. 3:08-cv-00697, 2009 WL 2025152, at *2 n.11 (N.D. Tex. July 8, 2009).

[10] *See, e.g.*, *Ternium Int'l USA*, 2009 WL 804119, at *4 (considering claims for breach of contract by fraudulent act, constructive fraud, and violation of the South Carolina Unfair Trade Practices Act in one conflict of laws analysis); *Jelec USA*, 498 F. Supp. 2d at 954 (performing one conflict of laws analysis for claims including misappropriation of trade secrets or confidential information, violations of the Texas Theft Liability Act, breach of fiduciary duty, business disparagement, civil conspiracy, and tortuous interference).

### B. Pleading Standards.

Pursuant to Rule 12(b)(1), a court must dismiss a claim for which it lacks statutory or constitutional power to adjudicate.[11]  Dismissal for lack of subject matter jurisdiction may be based on "(1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts."[12]  The party asserting subject matter jurisdiction always bears the burden of proof to establish its existence.[13]

To defeat a Rule 12(b)(6) motion to dismiss, a claimant must comply with Rule 8(a)(2)'s provision for a "short and plain statement of the claim showing that the pleader is entitled to relief," which requires "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[14]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[15]  Pleading facts merely consistent with a defendant's liability does not show plausibility of entitlement to relief.[16]  Pleadings stating facts that infer merely the possibility of misconduct are inadequate and subject to dismissal under Rule 12(b)(6).[17]  Furthermore, conclusory pleadings without

---

[11] *MW Builders of Tex., Inc. v. City of Wichita Falls*, No. 7:08-CV-00192-O, 2009 WL 2365443, at *2 (N.D. Tex. July 31, 2009).

[12] *Id.*

[13] *Id.*

[14] *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

[15] *Id.*

[16] *Id.*

[17] *Id.* at 1950.

well-pleaded factual allegations do not receive the assumption of truth.[18]  Failure to plead

enough facts to state a claim to relief that is plausible on its face will result in dismissal

per Rule 12(b)(6).[19]

Rule 9(b) requires a party to "state with particularity the circumstances

constituting fraud or mistake" and requires that the plaintiff "allege with specificity 'the

statements (or omissions) considered to be fraudulent, the speaker, when and why the

statements were made, and an explanation why they are fraudulent.'"[20]  Failure to allege

fraud with the requisite specificity also results in dismissal.[21]

## III.    ARGUMENT

### A. The Federal Copyright Act Preempts Plaintiff's Tort Claims for Defendants' Alleged Misuse of Plaintiff's Software, Source Code, Schema, and Logic.

Plaintiff's Complaint alleges that Defendants improperly used Plaintiff's

software, source code, schema, and logic (collectively, "computer program elements")

and attempts to plead causes of action for misappropriation of trade secrets, common law

misappropriation, unfair competition, and unjust enrichment/constructive trust for the

alleged misuse.  However, the Federal Copyright Act provides the exclusive remedies for

---

[18] *Id.*; *see id.* at 1949 (Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.").

[19] *Mann v. Bank of Am., N.A.*, No. 3:08-CV-01997-O, 2009 WL 2135790, at *1 (N.D. Tex. July 19, 2009).

[20] *Lechner v. Citimortgage, Inc.*, No. 4:09-CV-302-Y, 2009 WL 2356142, at *4 (N.D. Tex. July 29, 2009) (quoting *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)).

[21] *Berry v. Indianapolis Life Ins. Co.*, No. 3:08-CV-0248, 2009 WL 2345116, at *3 (N.D. Tex. July 16, 2009).

any alleged improper use of copyrightable works,[22] and it preempts all other causes of action for such if (1) the alleged misappropriated matter falls "within the subject matter of copyright" and (2) the claim is "equivalent" to any of the exclusive rights of a federal copyright.[23]  This case meets both requirements for preemption.

First, it is well settled law that computer programs fall within the subject matter of copyright.[24]  In particular, "copyright protection extends not only to the literal elements of a program, *i.e.*, its source code and object code, but also to its 'nonliteral' elements, such as the program architecture, 'structure, sequence and organization,' operational modules, and computer-user interface."[25]     Plaintiff alleges that Defendants have wrongfully used software, source code, schema, and logic.  (*E.g.*, Compl. ¶ 49.)  As a matter of law, each of the computer program elements that Plaintiff asserts—software,[26] source code,[27] schema,[28] and logic[29]—have previously been held to fall within the subject matter of copyright.[30]

---

[22] 17 U.S.C. § 301(a) ("On and after January 1, 1978, all legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106 in works of authorship that are fixed in a tangible medium of expression and come within the subject matter of copyright as specified by sections 102 and 103, whether created before or after that date and whether published or unpublished, are governed exclusively by this title.  Thereafter, no person is entitled to any such right or equivalent right in any such work under the common law or statutes of any State.").

[23] *Daboub v. Gibbons*, 42 F.3d 285, 289 (5th Cir. 1995).

[24] *See Vault Corp. v. Quaid Software Ltd.*, 847 F.2d 255, 259 (5th Cir. 1988).

[25] *Eng'g Dynamics, Inc. v. Structural Software, Inc.*, 26 F.3d 1335, 1341 (5th Cir. 1994); *see Kepner-Tregoe, Inc. v. Leadership Software, Inc.*, 12 F.3d 527, 536 n.20 (5th Cir. 1994) (citing *Feist Pubs., Inc. v. Rural Telephone Serv. Co.*, 499 U.S. 340 (1991)).

[26] *Info-Power Int'l, Inc. v. Coldwater Tech., Inc.*, No. 3:07CV0937-P, 2008 WL 5552245, at *1 (N.D. Tex. Dec. 31, 2008) ("copyrightable computer software programs").

[27] *Eng'g Dynamics*, 26 F.3d at 1341.

Second, because copyright law exists primarily to protect against wrongful copying, a state law claim is equivalent to a copyright claim "where the core of the state law theory of recovery goes to wrongful copying."[31]    Each of Plaintiff's non-patent claims arises from the allegation that Defendants wrongfully used Plaintiff's intellectual property.    (Compl. ¶¶ 49, 50, 52, 54, 55.)    As a matter of law, each of these claims— misappropriation of trade secrets,[32] common law misappropriation,[33] unfair

---

[28] *DSMC, Inc. v. Convera Corp.*, 479 F. Supp. 2d 68 (D.D.C. 2007) ("Convera counters that any claims for copyright infringement of the database schema must be dismissed for lack of subject matter jurisdiction because the registered material does not include schema.    The Court rejects Convera's narrow reading of what is protectable when a company registers a computer program and therefore declines to dismiss the copyright claim based on lack of subject matter jurisdiction.").

[29] *See Eng'g Dynamics*, 26 F.3d at 1341; *Butler v. Continental Airlines, Inc.*, 31 S.W.3d 642, 649 n.7 (Tex. App.—Houston [1st Dist.] 2000, pet. denied) ("Non-literal components of a computer program involve the various steps a programmer employs prior to actually writing the instructions or source code.    These elements include flow charts, inter-modal or sub-routine relationships, parameter lists and macros.").

[30] *See Butler*, 31 S.W.3d at 650 ("Macros are simple computer programs.    They program based on the existing computer program.    Using instructions provided by Continental to its employees, Butler input his macro into the dumb terminals.    This is a tangible expression of the program and is copyrightable.    We conclude the macros Butler wrote are protected by copyright as non-literal components of a computer program.").

[31] *MicroSource, Inc. v. Superior Signs, Inc.*, No. CIV.A.3:97-CV-2733-G, 1998 WL 119537, at *2 (N.D. Tex. Mar. 9, 1998); *see Daboub*, 42 F.3d at 289 ("The core of each of these state law theories of recovery in this case [including conversion and misappropriation] is the same: the wrongful copying, distribution, and performance of the lyrics of *Thunderbird*.    The similitude of tunes with respect to the state and copyright causes of action is a most harmonious one.").

[32] *MicroSource*, 1998 WL 119537, at *2 ("At the core of MicroSource's . . . theft of trade secrets claims are allegations that the defendants' wrongfully copied and distributed the MicroSource software. . . . Therefore, the . . . theft of trade secrets claims also satisfy the second prong of the *Daboub* test and are preempted by federal law.").

[33] *Aldridge v. The Gap, Inc.*, 866 F. Supp. 312, 314 (N.D. Tex. 1994) ("The conduct plaintiff seeks to regulate is addressed by 17 U.S.C. § 106.    Accordingly, plaintiff's state law misappropriation claim is preempted by 17 U.S.C. § 301").

competition,[34] and unjust enrichment[35] (alleged as justification for the imposition of a constructive trust (Compl. ¶ 56))—is equivalent to a copyright claim.

As explained above, the computer program elements fall within the subject matter of copyright, and Plaintiff's claims for misappropriation of trade secrets, common law misappropriation, unfair competition, and unjust enrichment/constructive trust are equivalent to the exclusive rights of a federal copyright to reproduce, distribute, perform, and display a copyrighted work.[36]    The Copyright Act therefore preempts and extinguishes Plaintiff's non-patent causes of action to the extent that they allege counts based on these computer program elements.

Further, the preemption questions in this case closely resemble those in *Butler v. Continental Airlines, Inc.*[37]—a series of cases brought by a plaintiff who repeatedly attempted to assert state law claims for the alleged misuse of computer macros.  In the *Butler* cases, Texas state and federal courts rejected the plaintiff's various attempts to assert state law claims—including misappropriation of trade secrets, unjust enrichment,

---

[34] *MicroSource*, 1998 WL 119537, at *2 ("At the core of MicroSource's unfair competition . . . claims are allegations that the defendants' wrongfully copied and distributed the MicroSource software. . . . Therefore, the unfair competition . . . claims also satisfy the second prong of the *Daboub* test and are preempted by federal law.").

[35] *Recursion Software, Inc. v. Interactive Intelligence, Inc.*, 425 F. Supp. 2d 756, 769 (N.D. Tex. 2006) ("Because the rights Recursion seeks to vindicate through its equitable claims [including unjust enrichment] are equivalent to those protected by copyright, the Court finds that they are preempted.").

[36] 17 U.S.C. § 106(a).

[37] The following cases all involve the same parties *Butler v. Continental Airlines, Inc.* and Butler's repeated albeit failed attempts to assert claims preempted under the Copyright Act: No. 95-044257, 1997 WL 34673300 (157th Dist. Ct., Harris County, Tex. Nov. 24, 1997) (Medina, J.) (order granting summary judgment), *aff'd*, 31 S.W.3d 642 (Tex. App.—Houston [1st Dist.] 2000, pet. denied); No. Civ.A. 01-2194, 2001 WL 1509545 (S.D. Tex. Nov. 19, 2001) (granting motion to dismiss).

---

and constructive trust—holding that the state law claims were pre-empted by the Federal Copyright Act.  As stated by the Houston First District Court of Appeals in *Butler*, "Butler's claims that Continental converted and misappropriated and was unjustly enriched by copying his computer macros are such claims [that] should be litigated as federal claims."[38]  Consequently, this Court must dismiss the Plaintiff's state law claims for the alleged misuse of its computer program elements pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction.[39]

### B. Plaintiff Fails to State a Cognizable Claim for Texas Common Law Misappropriation.

Under Texas common law, "the elements of misappropriation [are] (i) the creation of plaintiff's product through extensive time, labor, skill and money, (ii) the defendant's use of that product in competition with the plaintiff, thereby gaining a special advantage in that competition (*i.e.*, a 'free ride') because defendant is burdened with little or none of the expense incurred by the plaintiff, and (iii) commercial damage to the plaintiff."[40] Plaintiff fails to plead two of these three elements in its Complaint.

### 1. Plaintiff fails to plead that a tangible product has been misappropriated.

To state a cause of action for Texas common law misappropriation, plaintiff must plead that a product—something tangible—has been misappropriated.  Examples of

---

[38] *Butler*, 31 S.W.3d at 651.

[39] *See Butler*, 2001 WL 1509545, at *1 n.3.

[40] *U.S. Sporting Prods. v. Johnny Stewart Game Calls, Inc.*, 865 S.W.2d 214, 218 (Tex. App.—Waco 1993, writ denied); *see also Dresser-Rand Co. v. Virtual Automation Inc.*, 361 F.3d 831, 839 (5th Cir. 2004) (citing *U.S. Sporting Prods.*, 865 S.W.2d at 218)).

products that have been afforded protection under this tort include news items,[41] machinery control systems,[42] and recordings of animal sounds.[43]  While common law misappropriation protects a wide range of products, the plaintiff must still plead that a tangible product has been misappropriated.  Common law misappropriation does not apply to ideas.[44]

Here, Plaintiff alleges only that "Excentus and Auto-Gas created successful fuel rewards *programs* through extensive time, labor, skill and money."  (Compl. ¶ 51 (emphasis added).)  If Plaintiff's pleading of its "rewards programs" refers to tangible computer programs, then as discussed above, the Copyright Act preempts this common law claim entirely.  If Plaintiff refers to intangible plans, then Plaintiff fails to state a claim under Texas common law because misappropriation does not apply to ideas.[45] Plaintiff's pleading simply fails the notice requirements of Rule 8(a)(2), and such vagueness demonstrates that this claim lacks the factual content requisite for facial

---

[41] *Gilmore v. Sammons*, 269 S.W. 861, 863 (Tex. Civ. App.—Dallas 1925, writ ref'd) (citing *Int'l News Serv. v. AP*, 248 U.S. 215 (1918)).

[42] *Dresser-Rand*, 361 F.3d at 836-37.

[43] *U.S. Sporting Prods.*, 865 S.W.2d at 218.

[44] *See Synercom Tech. Inc. v. Univ. Computing Co.*, 474 F. Supp. 37, 43 (N.D. Tex. 1982) ("the state law doctrine of [common law] misappropriation may not be applied to limit the use of Synercom's input format by EDI and UCC. . . . None of the cases discussed has permitted a state to regulate the use of ideas.").

[45] *Kean v. Fox Television Stations, Inc.*, 297 F. Supp. 2d 921, 939 (S.D. Tex. 2004) (rejecting misappropriation claim because plaintiff did "not allege that he produced a 'product' as courts considering the viability of the misappropriation of a product tort have construed that term."); s*ee Synercom Tech. Inc.*, 474 F. Supp. at 43.

plausibility. Plaintiff therefore fails to plead enough facts to state a claim to relief that is plausible on its face, and the Court should dismiss this claim per Rule 12(b)(6).[46]

### 2. Plaintiff also fails to plead competition with Defendants.

Competition is another required element of Texas common law misappropriation as recognized under an unfair competition claim by misappropriation.[47] However, Plaintiff merely pleads that "Safeway, Blackhawk and Randall's have used Excentus' products (including those acquired from Auto-Gas) in competition with Excentus and Auto-Gas." (Compl. ¶ 52.) Such conclusory pleading, without well-pleaded factual allegations, receive no presumption of truth typically afforded to pleadings subject to a Rule 12(b)(6) motion.[48] Thus, Plaintiff's conclusory pleading is no pleading at all.

To the extent it addresses the parties' business activities, the Complaint fails to show how Defendants and Plaintiff compete in the sense required by common law misappropriation. Actionable misappropriation requires that, (1) the parties compete within the same geographic area,[49] and (2) that they compete by engaging in the same business activity.[50] Plaintiff alleges neither of these terms of competition. Although Plaintiff makes broad allegations of Defendants' geographic presence—including

---

[46] *See Mann*, 2009 WL 2135790, at *1.

[47] *U.S. Sporting Prods.*, 865 S.W.2d at 218; *see also Dresser-Rand Co.*, 361 F.3d at 839.

[48] *Ashcroft*, 129 S. Ct. at 1950.

[49] *Loeb v. Turner*, 257 S.W.2d 800, 803 (Tex. Civ. App.—Dallas 1953, no writ) ("it is undisputed that appellant has made no attempt to compete with appellees in Dallas, nor have appellees made any attempt to compete with appellant in Phoenix. Under these circumstances the principle of unfair competition is not applicable.").

[50] *Furr's, Inc. v. United Specialty Advertising Co.*, 385 S.W.2d 456, 460 (Tex. Civ. App.—El Paso 1964, writ ref'd n.r.e.) (finding no common law misappropriation "for there is no contention that Furr's ever sold or attempted to sell that which it is alleged to have appropriated").

operating "numerous Randall's and Tom Thumb stores in Texas" (Compl. ¶ 20) and "other Safeway locations throughout the United States" (Compl. ¶ 27)—and Plaintiff's own dealings with "numerous retailers in the United States" (Compl. ¶ 16), such pleadings fail to identify "the how" and "the where" of any alleged competition between the parties.   The parties compete "doing what?" and "doing it where?"  Pleading facts merely consistent with a defendant's liability does not show plausibility of entitlement to relief.[51]

Moreover, the Complaint itself states that Plaintiff is in the business of "providing such technology and services, including its own fuel reward program (called 'fuelperks!')" (Compl. ¶ 16), to retailers while Defendants are in the business of owning and operating grocery stores (Compl. ¶¶ 9, 27).  Plaintiff therefore fails to state a claim that is plausible on its face, and the Court should therefore dismiss this claim per Rule 12(b)(6).[52]

### C. Plaintiff's California Cause of Action for Unfair Competition Should be Dismissed.

The Complaint states only that Defendants' alleged "wrongful acts" constitute violations of Section 17200 of the California Business and Professions Code.  (Compl. ¶ 54.)  However, as demonstrated above in Part II.A, Texas—not California—has the most significant relationship to each of the non-patent causes of action in this case, and Texas law governs the resolution of the non-patent aspects of this dispute.  Texas does not have a comprehensive statutory unfair competition regime corresponding to California's

---

[51] *See Ashcroft*, 129 S. Ct. at 1949.

[52] *See Mann*, 2009 WL 2135790, at *1.

Section 17200.[53]    Pursuant to Rule 12(b)(6), the Court should therefore dismiss Plaintiff's claim for unfair competition because it is based on California law and fails to state a Texas claim upon which the Court can grant relief.[54]

Plaintiff also fails to plead a cause of action for Texas unfair competition.  Under Texas law, unfair competition is not a cause of action per se, but rather an "umbrella"[55] under which "Texas common law recognizes three branches of unfair competition: palming off, trade-secret misappropriation, and common-law misappropriation."[56] Plaintiff has already attempted to plead two unfair competition torts under separate headings—misappropriation of trade secrets (Compl. ¶¶ 48-50) and common law misappropriation (Compl. ¶¶ 51-53).    As stated above, Plaintiff's claim of misappropriation of trade secrets must be dismissed in part—to the extent it is based upon any alleged misuse of Plaintiff's computer program elements—because it is preempted by the Federal Copyright Act.  Plaintiff's common law misappropriation claim must be dismissed because Plaintiff fails to plead the necessary element of a tangible product or that the parties are in competition.  Thus, to the extent Plaintiff's "unfair competition" claim is redundant of these other two claims, it should be dismissed for the same reasons

---

[53] *See Reliable Ambulance Serv., Inc. v. Mercy Hosp. of Laredo*, No. 04-02-00188-CV, 2003 WL 21972724, *2 (Tex. App.—San Antonio 2003, pet. denied) (explaining discrete Texas unfair competition statutes involving antitrust activity and insurance practices).

[54] *See Ternium Int'l USA*, 2009 WL 804119, at *5 ("The claim for a violation of SCUTPA [South Carolina Unfair Trade Practices Act] does not exist under Texas law. SCUTPA is a South Carolina statute that does not exist in Texas.  Ternium's motion to dismiss CSI's counterclaim under SCUTPA is therefore granted.").

[55] *Seatrax, Inc. v. Sonbeck Int'l, Inc.*, 200 F.3d 358, 367-68 (5th Cir. 2000) (citation omitted).

[56] James E. Hudson, III, *A Survey of the Texas Unfair-Competition Tort of Common-Law Misappropriation*, 50 BAYLOR L. REV. 921, 924 (1998) (citing *U.S. Sporting Prods.*, 865 S.W.2d at 217).

and as surplusage.  If Plaintiff attempts to state a further claim for unfair competition under Texas law, the claim can only be construed to refer to the third unfair competition tort of palming off.[57]

The elements of palming off are "1) plaintiff's use of its trade name had acquired a secondary meaning so that such name was particularly associated with plaintiff's place of business; 2) that the similarity of the name used by the defendant's place of business would be likely to confuse the public; and 3) that as a result of such confusion, plaintiff would suffer irreparable harm."[58]  Nothing in Plaintiff's Complaint relates to misuse of Plaintiff's trade name; Plaintiff therefore fails to plead or identify the unfair competition tort of palming off.  The Fifth Circuit has held that a plaintiff's "general allegation of unfair competition without additional qualifying language to identify a specific cause of action under unfair competition did not provide adequate notice of its claim."[59]  Because Plaintiff's allegation of unfair competition fails to identify any specific cause of action, the Court should dismiss the claim pursuant Rule 12(b)(6) for failure to state a claim upon which relief may be granted.

### D.  Plaintiff Pleads No Basis for Unjust Enrichment/Constructive Trust.

Texas law requires proof of three elements to impose a constructive trust:

(1) Breach of an informal relationship of special trust or confidence arising prior to and apart from the transaction in question, or actual fraud.

(2) Unjust enrichment of the wrongdoer.

---

[57] *See Synercom Tech.*, 474 F. Supp. at 39 n.1 ("Strictly speaking, the tort of unfair competition requires the additional element of secondary meaning, or 'passing off.'").

[58] *Hudgens v. Goen*, 673 S.W.2d 420, 423 (Tex. App.—Fort Worth, writ ref'd n.r.e.).

[59] *Seatrax*, 200 F.3d at 368 (affirming exclusion of unfair competition claim for failure to plead a specific cause of action).

(3) Tracing to an identifiable res.[60]

Because a constructive trust "should not be imposed cavalierly,"[61] "[s]trict proof of the elements is required."[62]  Here, however, Plaintiff is unable to plead fundamental elements.

### 1. Plaintiff fails to plead any fiduciary relationship justifying the imposition of a constructive trust.

Plaintiff fails to plead any "informal relationship of special trust or confidence arising prior to and apart from the transaction in question, or actual fraud."[63]  Plaintiff alleges only that "Blackhawk and Safeway obtained, on a confidential basis, virtually all of the trade secrets and confidential information of both Excentus and Auto-Gas." (Compl. ¶ 2.)  These trade secrets and confidential information were allegedly disclosed, however, only after "Blackhawk Marketing and Safeway entered into a Mutual Nondisclosure Agreement" (Compl. ¶ 23), which covers the confidential information in dispute.  The Complaint mentions no other basis for a relationship of special trust or confidence.  Plaintiff therefore fails to plead that Defendants breached a confidential relationship with Plaintiff that existed *prior* to the Mutual Nondisclosure Agreement covering the confidential information allegedly misappropriated.

---

[60] *In re Monnig's Dep't Stores, Inc.*, 929 F.2d 197, 201 (5th Cir. 1991) (citations omitted).

[61] *In re Bailey Pontiac, Inc.*, 129 B.R. 629, 636 (N.D. Tex. 1992).

[62] *Camacho v. Montes*, No. 07-05-0003-CV, 2006 WL 2660744, at *2 (Tex. App.—Amarillo 2006, no pet.); *see Everett v. TK-Taito, L.L.C.*, 178 S.W.3d 844, 859 (Tex. App.—Fort Worth 2005, no pet.); *United States v. Arbuckle*, No. 4:06cr198, 2008 WL 4279936, at *3 (E.D. Tex. Sept. 15, 2008).

[63] *Monnig's Dep't Stores*, 929 F.2d at 201 (citations omitted).

In *Junker v. Eddings*,[64] the Federal Circuit[65] recently heard a patent infringement case involving a similar factual scenario where the plaintiff requested the imposition of a constructive trust.[66]   There, the plaintiff had signed a non-disclosure agreement with the defendant before showing the defendant his prototype design, but he did not establish the existence of "a long standing fiduciary relationship necessary to impose a constructive trust."[67]   The Federal Circuit affirmed the judgment from the Northern District of Texas holding that the first element of a constructive trust had not been met.[68]   In the instant case, Plaintiff does allege that the parties signed the Mutual Nondisclosure Agreement, but, as in *Junker*, this occurred in the absence of a *prior* fiduciary relationship.   Just as was held in *Junker*, the Plaintiff here fails to plead this element for a constructive trust.

### 2.  Plaintiff fails to allege any fraud.

Failure to allege fraud precludes imposition of a constructive trust,[69] because fraud is an "essential element."[70]   Plaintiff does not mention fraud anywhere in its

---

[64] 396 F.3d 1359 (Fed. Cir. 2005).

[65] Appeal from this Court would lie in the Federal Circuit in this case because of the patent law issues involved.  *See* 28 U.S.C. § 1295(a)(1); *Crater Corp. v. Lucent Techs., Inc.*, 423 F.3d 1260, 1265 (Fed. Cir. 2005) ("we have jurisdiction over the pendant state law claims because the district court's original jurisdiction was based in part on 28 U.S.C. § 1338(a).").

[66] *Junker*, 396 F.3d at 1360.

[67] *Id.* at 1367.

[68] *Id.*

[69] *Estate of Merkel v. United States*, No. 3:06-CV-1891-D, 2009 WL 256508, at *1 (N.D. Tex. Feb. 4, 2009).

[70] *In re Bradley*, 501 F.3d 421, 423 (5th Cir. 2007); *Madera Prod. Co. v. Atl. Richfield Co.*, No. CA 3-96-CV-2951, 1998 WL 292872, at *9 (N.D. Tex. June 1, 1998) (citing *Trustees of Casa View Assembly of God Church v. Williams*, 414 S.W.2d 697, 701 (Tex. Civ. App.—Austin 1967, no writ)).

Complaint. The absence of fraud in Plaintiff's Complaint fails to satisfy even Rule 8(a)(2)'s general pleading standard, much less Rule 9(b)'s heightened requirements for alleging fraud. Failure to allege fraud with the requisite specificity will result in dismissal.[71]

Even if the Court were to examine the Complaint as whole to attempt to identify the elements of fraud, it would find no statements satisfying Rule 9(b). The closest Plaintiff gets are its allegations that:

- "Safeway and Blackhawk *schemed and planned to steal* the trade secrets, computer systems, and know-how of Excentus and Auto-Gas and to infringe on the Auto-Gas patents" (Compl. ¶ 3 (emphasis added));

- "Blackhawk made extensive 'due diligence' inquiries of Auto-Gas and Excentus in furtherance of its *pretended* purchases of the assets or business of Auto-Gas and Excentus" (Compl. ¶ 26 (emphasis added));

- "All the while that Blackhawk was obtaining and studying this confidential information, it continued to *represent and imply* to Excentus and Auto-Gas (separately) that Blackhawk would be purchasing the business, assets, patents and trade secrets" (Compl ¶ 26 (emphasis added));

- "At some point, the potential acquisition became a *pretense* for misappropriating the Excentus and Auto-Gas information" (Compl ¶ 26 (emphasis added)).

In none of these allegations does Plaintiff "allege with specificity 'the statements (or omissions) considered to be fraudulent, the speaker, when and why the statements

---

[71] *Berry*, 2009 WL 2345116, at *3.

were made, and an explanation why they are fraudulent.'"[72] Plaintiff's allegations are precisely the type that Rule 9(b) prohibits, because "unsubstantiated charges of fraud can irreparably damage a defendant's reputation."[73]

### 3. A constructive trust is not an appropriate remedy in this case.

Not all situations are appropriate for the imposition of a constructive trust.[74] In fact, it "is only available where the wrong cannot be addressed under other legal theories."[75] Here, Plaintiff has pleaded that Defendants' alleged "wrongful conduct" (Compl. ¶ 55)—patent infringement, misappropriation of trade secrets, common law misappropriation, and unfair competition—has caused damages to Plaintiff and unjustly enriched Defendants. Plaintiff's other causes of action, however, provide for expansive remedies, including lost profits, a reasonable royalty, enhanced damages, actual damages, exemplary damages, injunctive relief, and attorneys' fees.

Plaintiff has ignored two elements that it must plead for imposition of a constructive trust. The Complaint does not plead either breach of "a long standing fiduciary relationship necessary" or actual fraud—which must additionally be alleged with heightened particularity. Further, Plaintiff's remaining causes of action can provide Plaintiff adequate remedies for the alleged wrong without the imposition of a constructive

---

[72] *Lechner*, 2009 WL 2356142, at *4 (quoting *Plotkin*, 407 F.3d at 696).

[73] *Norman v. Apache Corp.*, 19 F.3d 1017, 1022 (5th Cir. 1994).

[74] *Everett*, 178 S.W.3d at 859-60 (affirming dismissal of claim for imposition of a constructive trust for lack of standing where injuries pleaded as a result of a defectively designed seat belt buckle were "not the type of equitable injuries that are redressable in an equitable action for a constructive trust").

[75] *Do v. Pilgrim's Pride Corp.*, No. 9:05CV238, 2006 WL 2290556, at *8 (E.D. Tex. Aug. 9, 2006); *see Jordan v. Hagler*, 179 S.W.3d 217, 220 (Tex. App.—Fort Worth 2005, no pet.); *Medford v. Medford*, 68 S.W.3d 242, 249 (Tex. App.—Fort Worth 2002, no pet.).

trust.  Consequently, the Court should dismiss the claim for imposition of a constructive trust per Rules 9(b) and 12(b)(6).

## IV.     CONCLUSION

Based on the foregoing, Defendants respectfully request that the Court grant their motion and dismiss all counts in Plaintiff's Complaint based on computer program elements, as well as the entirety of the claims in the Complaint for common law misappropriation, unfair competition, and unjust enrichment/constructive trust.

Dated:  August 19, 2009

Respectfully submitted,

**MᴄKᴏᴏʟ Sᴍɪᴛʜ P.C.**

  /s/ Robert Manley
Robert M. Manley
Texas State Bar No. 00787955
rmanley@mckoolsmith.com
Douglas A. Cawley
Texas State Bar No. 04035500
dcawley@mckoolsmith.com
Ivan Wang
Texas State Bar No. 24042679
iwang@mckoolsmith.com
Jonathan R. Yim
Texas State Bar No. 24066317
jyim@mckoolsmith.com
300 Crescent Court, Suite 1500
Dallas, Texas  75201
Telephone:  (214) 978-4000
Facsimile:  (214) 978-4044

John Campbell
Texas State Bar No. 24036314
jcampbell@mckoolsmith.com
300 W. Sixth Street, Ste. 1700
Austin, Texas 78701
Telephone: (512) 692-8700
Telecopier: (512) 692-8744

**ATTORNEYS FOR
DEFENDANTS SAFEWAY INC.,
BLACKHAWK NETWORK, INC.,
BLACKHAWK MARKETING,
LLC, AND RANDALL'S FOOD &
DRUGS LP**

## CERTIFICATE OF SERVICE

A copy of the foregoing document was filed electronically on August 19, 2009 and service of the filing of this notice of appearance has been sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

 s/ Jonathan Yim

Jonathan Yim