IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| EXCENTUS CORPORATION | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 1:09-cv-00106-C |
| SAFEWAY, INC., BLACKHAWK NETWORK, INC., BLACKHAWK MARKETING, LLC and RANDALL'S FOOD & DRUGS, LP, | § | |
| | § | |
| Defendant. | § | |

**SAFEWAY INC., BLACKHAWK NETWORK, INC., BLACKHAWK MARKETING, LLC, AND RANDALL'S FOOD & DRUGS LP'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO EXCENTUS CORPORATION'S ORIGINAL COMPLAINT**

Defendants Safeway Inc. ("Safeway"), Blackhawk Network, Inc. ("Blackhawk Network"), Blackhawk Marketing, LLC, and Randall's Food & Drugs LP's ("Randall's") (collectively "Defendants") answer the Original Complaint ("Complaint") of Plaintiff Excentus Corporation ("Plaintiff"), and state as follows:

## I. ANSWER

### BACKGROUND

1. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 and on that basis deny the same.

2. Safeway, Blackhawk Network, and Randall's admit that there is a February 2007 letter signed by a Blackhawk Network executive, and refer to that document for its contents.

Except as expressly so admitted, Defendants otherwise deny each and every allegation contained in Paragraph 2.

3. Defendants deny each and every allegation in Paragraph 3.

4. Defendants deny each and every allegation in Paragraph 4.

**PARTIES**

5. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 and on that basis deny the same.

6. Safeway, Blackhawk Network, and Randall's admit that Safeway Inc. is a corporation existing under the laws of Delaware with a place of business at 5918 Stoneridge Mall Road, Pleasanton, California 94588. Safeway, Blackhawk Network, and Randall's admit the remaining allegations in Paragraph 6. Except as expressly so admitted, Defendants otherwise deny each and every allegation contained in Paragraph 6.

7. Safeway, Blackhawk Network, and Randall's admit that Blackhawk Network is a subsidiary of Safeway. Safeway, Blackhawk Network, and Randall's admit that Blackhawk Network does not maintain a regular place of business in Texas and does not have a registered agent for service of process in Texas. Safeway, Blackhawk Network, and Randall's admit that Blackhawk Network may be served pursuant to TEX. CIV. PRAC. & REM. CODE § 17.044(a)(1). Except as expressly so admitted, Defendants otherwise deny each and every allegation contained in Paragraph 7.

8. Defendants deny each and every allegation in Paragraph 8. Plaintiff has erroneously named Blackhawk Marketing, LLC as a party to the Complaint. Blackhawk Marketing, LLC is a stranger to the allegations contained in the Complaint. Blackhawk

Network, Inc. was previously known as Blackhawk Marketing Services, Inc. and changed its name on August 18, 2006.

9. Defendants deny that Randall's has a principal place of business at 5918 Stoneridge Mall Road, Pleasanton, California 94588. Safeway, Blackhawk Network, and Randall's admit the remaining allegations in Paragraph 9. Except as expressly so admitted, Defendants otherwise deny each and every allegation contained in Paragraph 9.

## JURISDICTION

10. Safeway, Blackhawk Network, and Randall's admit that this Court has subject matter jurisdiction over patent infringement claims under 28 U.S.C. §§ 1331 and 1338(a). Except as expressly so admitted, Defendants otherwise deny each and every allegation contained in Paragraph 10. Safeway, Blackhawk Network, and Randall's reserve its right to move to sever and proceed separately with Plaintiff's state law claims.

11. Safeway, Blackhawk Network, and Randall's admit that, for the purposes of this case, they are subject to this Court's personal jurisdiction in this judicial district. Except as expressly so admitted, Defendants otherwise deny each and every allegation contained in Paragraph 11.

## VENUE

12. Safeway, Blackhawk Network, and Randall's admit that venue is proper in the Northern District of Texas. Except as expressly so admitted, Defendants otherwise deny each and every allegation contained in Paragraph 12.

## FACTS

13. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 and on that basis deny the same.

14. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 and on that basis deny the same.

15. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 and on that basis deny the same.

16. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 and on that basis deny the same.

17. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 and on that basis deny the same.

18. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 and on that basis deny the same.

19. Defendants deny each and every allegation in Paragraph 19.

## SAFEWAY AND BLACKHAWK NETWORK

20. Safeway, Blackhawk Network, and Randall's admit that Safeway is a food and drug retailer that owns and operates Randall's and Tom Thumb stores in Texas. Except as expressly so admitted, Defendants otherwise deny each and every allegation contained in Paragraph 20.

21. Safeway, Blackhawk Network, and Randall's admit that Blackhawk Network is a provider of gift cards to retailers and that Blackhawk Network's customers include Safeway and other stores. Except as expressly so admitted, Defendants otherwise deny each and every allegation contained in Paragraph 21.

## PRIOR RELATIONSHIP OF SAFEWAY AND EXCENTUS

22. Defendants deny each and every allegation in Paragraph 22.

**SAFEWAY, BLACKHAWK NETWORK, AND EXCENTUS**

23. Defendants deny each and every allegation in Paragraph 23.

24. Defendants deny each and every allegation in Paragraph 24.

**BLACKHAWK NETWORK AND AUTO-GAS**

25. Safeway, Blackhawk Network, and Randall's admit that a February 2007 letter signed by a Blackhawk Network executive, and refer to that document for its contents. Except as expressly so admitted, Defendants otherwise deny each and every allegation contained in Paragraph 25.

**SAFEWAY, BLACKHAWK NETWORK, EXCENTUS, AND AUTO-GAS**

26. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations that Auto-Gas incurred more than $1,000,000 in attorneys' fees and that Excentus now owns the patents, technologies, and confidential information of Excentus and Auto-Gas. Defendants deny each and every remaining allegation in Paragraph 26.

**SAFEWAY'S FUEL REWARDS PROGRAM**

27. Defendants deny each and every allegation in Paragraph 27.

**INFRINGEMENT OF U.S. PATENT NO. 6,321,984**

28. Safeway, Blackhawk Network, and Randall's admit that, according to the face of U.S. Patent No. 6,321,984 ("the '984 Patent"), the '984 Patent is entitled "Adjustable price fuel dispensing system." Except as expressly so admitted, Defendants otherwise deny each and every allegation contained in Paragraph 28.

29. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 and on that basis deny the same.

30. Defendants deny each and every allegation in Paragraph 30.

31. Defendants deny each and every allegation in Paragraph 31.

32. Defendants deny each and every allegation in Paragraph 32.

**INFRINGEMENT OF U.S. PATENT NO. 6,332,128**

33. Safeway, Blackhawk Network, and Randall's admit that, according to the face of U.S. Patent No. 6,332,128 ("the '128 Patent"), the '128 Patent is entitled "System and method of providing multiple level discounts on cross-marketed products and discounting a price-per-unit-volume of gasoline." Except as expressly so admitted, Defendants otherwise deny each and every allegation contained in Paragraph 33.

34. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 and on that basis deny the same.

35. Defendants deny each and every allegation in Paragraph 35.

36. Defendants deny each and every allegation in Paragraph 36.

37. Defendants deny each and every allegation in Paragraph 37.

**INFRINGEMENT OF U.S. PATENT NO. 6,732,081**

38. Safeway, Blackhawk Network, and Randall's admit that, according to the face of U.S. Patent No. 6,732,081 ("the '081 Patent"), the '081 Patent is entitled "Method for providing price-per-unit discounts for fuel to a customer." Except as expressly so admitted, Defendants otherwise deny each and every allegation contained in Paragraph 38.

39. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 and on that basis deny the same.

40. Defendants deny each and every allegation in Paragraph 40.

41. Defendants deny each and every allegation in Paragraph 41.

42. Defendants deny each and every allegation in Paragraph 42.

**INFRINGEMENT OF U.S. PATENT NO. 7,383,204 ("the '204 Patent")**

43. Defendants deny each and every allegation in Paragraph 43.

44. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44 and on that basis deny the same.

45. Defendants deny each and every allegation in Paragraph 45.

46. Defendants deny each and every allegation in Paragraph 46.

47. Defendants deny each and every allegation in Paragraph 47.

**MISAPPROPRIATION AND THEFT OF TRADE SECRETS**

48. Defendants deny each and every allegation in Paragraph 48.

49. Defendants deny each and every allegation in Paragraph 49.

50. Defendants deny each and every allegation in Paragraph 50.

**COMMON LAW MISAPPROPRIATION**

51. Defendants deny each and every allegation in Paragraph 51.

52. Defendants deny each and every allegation in Paragraph 52.

53. Defendants deny each and every allegation in Paragraph 53.

**VIOLATION OF THE CALIFORNIA UNFAIR COMPETITION LAW-BUSINESS AND COMMERCE CODE 17200, ET SEQ. AND RESTITUTION**

54. Defendants deny each and every allegation in Paragraph 54.

**IMPOSITION OF A CONSTRUCTIVE TRUST**

55. Defendants deny each and every allegation in Paragraph 55.

56. Defendants deny each and every allegation in Paragraph 56.

**INJUNCTION/EQUITABLE RELIEF**

57. Defendants deny each and every allegation in Paragraph 57.

## PRAYER

58. Safeway, Blackhawk Network, and Randall's admit that Plaintiff has pleaded for the specific relief requested in the paragraphs numbered (1)–(14) immediately following paragraph number 57 in its Complaint. But Defendants specifically deny that Plaintiff is entitled to any relief, pled or unpled and expressly deny each and every allegation in Plaintiffs' Complaint that is not expressly admitted herein.

## JURY DEMAND

59. Safeway, Blackhawk Network, and Randall's admit that Plaintiff has requested a trial by jury. Except as expressly so admitted, Defendants otherwise deny each and every allegation contained in the Jury Demand section of the Complaint.

## II. AFFIRMATIVE DEFENSES

For its further and separate affirmative defenses to the Complaint, Defendants allege as follows:

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim on which Relief can be Granted)

60. Plaintiff has failed, with respect to each and every count of the Complaint, to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

### (Non-Infringement)

61. Defendants have not and are not willfully or otherwise infringing, either directly or indirectly by way of inducing infringement or contributory infringement, any claim of the '984 Patent, the '128 Patent, the '081 Patent, and/or the '204 Patent, and are not liable for infringement thereof.

62. Any accused product has substantial non-infringing uses and therefore, cannot induce or contribute to infringement of the ’984 Patent, the ’128 Patent, the ’081 Patent, or the ’204 Patent.

**THIRD AFFIRMATIVE DEFENSE**

**(Prosecution History Estoppel)**

63. Plaintiff’s enforcement of the ’984 Patent, the ’128 Patent, the ’081 Patent, and/or the ’204 Patent against Defendants is barred by the doctrine of prosecution history estoppel.

**FOURTH AFFIRMATIVE DEFENSE**

**(Invalidity)**

64. One or more claims of the ’984 Patent, the ’128 Patent, the ’081 Patent, and/or the ’204 Patent are invalid for failure to satisfy one or more of the conditions of patentability set forth in 35 U.S.C. §§ 101, 102, 103, and 112.

**FIFTH AFFIRMATIVE DEFENSE**

**(Laches, Waiver, Estoppel)**

65. Plaintiff’s claims for relief are barred, in whole or in part, by the doctrines of laches, waiver, and/or estoppel.

**SIXTH AFFIRMATIVE DEFENSE**

**(License/Authorization)**

66. Plaintiff or previous owners of the patents have engaged in actions that have expressly or impliedly authorized Defendants to engage in the actions accused as infringing.

67. Plaintiff’s state law claims for misappropriation and theft of trade secrets, common law misappropriation, and unfair competition claims are barred the doctrines of implied license, actual license, express authorization, and/or implied authorization.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Patent Exhaustion)**

68. Plaintiff's claims are barred by the doctrine of patent exhaustion.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Patent Misuse/Unclean Hands)**

69. Plaintiff is barred from any relief in this action and at least the '984 Patent, the '128 Patent, the '081 Patent, and the '204 Patent are unenforceable under the doctrines of unclean hands and patent misuse because Plaintiff has asserted the '984 Patent, the '128 Patent, the '081 Patent, and the '204 Patent with knowledge that at least one claim in each of these patents is invalid.

70. Plaintiff's state law claims for misappropriation and theft of trade secrets, common law misappropriation, and unfair competition claims and all requests for equitable relief are barred by the doctrine of unclean hands.

**NINTH AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

71. To the extent that Plaintiff seeks damages for alleged infringement more than six years prior to the filing of this action, the claims are barred by the statute of limitations pursuant to 35 U.S.C. § 286.

72. Plaintiff's state law claims for misappropriation and theft of trade secrets, common law misappropriation, and unfair competition claims are barred by the applicable statutes of limitation.

## TENTH AFFIRMATIVE DEFENSE

## (Failure to Provide Notice/Failure to Mark)

73. Plaintiff's claims for relief and prayer for damages are barred in whole or in part by 35 U.S.C. § 287.

## ELEVENTH AFFIRMATIVE DEFENSE

## (Unenforceability Due to Prosecution Laches)

74. Plaintiff's claims are barred in whole or in part because of unreasonable and unexplained delays in the prosecution of the '984 Patent, the '128 Patent, the '081 Patent, or the '204 Patent.

## TWELFTH AFFIRMATIVE DEFENSE

## (Standing)

75. To the best of Defendants' current knowledge, information, and belief, and because Defendants are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery, Plaintiff lacks standing to bring this action.

## THIRTEENTH AFFIRMATIVE DEFENSE

## (Unavailability of Injunctive Relief)

76. Plaintiff's claims are barred as a matter of law because Plaintiff has an adequate remedy at law for any claims included in this Complaint upon which Plaintiff may ultimately prevail.

## FOURTEENTH AFFIRMATIVE DEFENSE

## (No Trade Secret)

77. Plaintiff's alleged trade secrets and confidential information do not qualify for legal protection as trade secrets.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(No Duty)**

78. Plaintiff's state law claims for misappropriation and theft of trade secrets, common law misappropriation, and unfair competition claims are barred because Defendants' conduct are not prohibited under any agreement or law.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Independent Development)**

79. Defendants have not misappropriated any alleged trade secret or other confidential information allegedly belonging to Plaintiff. PowerPump Rewards was developed independently from information that was readily ascertainable by proper means.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(No Detriment)**

80. To the best of Safeway, Blackhawk Network, and Randall's current knowledge, information, and belief, and because Safeway, Blackhawk Network, and Randall's are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery, Plaintiff's state law claims for misappropriation and theft of trade secrets, common law misappropriation, and unfair competition claims are barred because Plaintiff does not suffer and has not suffered any detriment from or on account of Defendants' or Plaintiff's own actions.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(Justification/Privilege)**

81. Plaintiff's state law claims for misappropriation and theft of trade secrets, common law misappropriation, and unfair competition claims are barred by the doctrines of privilege and justification.

**NINETEENTH AFFIRMATIVE DEFENSE**

**(No Competition)**

82. Plaintiff's state law claim for unfair competition is barred because none of the Defendants competes with Plaintiff.

**TWENTIETH AFFIRMATIVE DEFENSE**

**(Preemption)**

83. Plaintiff's state law claims for misappropriation and theft of trade secrets, common law misappropriation, and unfair competition claims are barred under the doctrine of preemption.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

**(Reservation of Affirmative Defenses)**

84. Safeway, Blackhawk Network, and Randall's reserve all affirmative defenses under Rule 8 of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses, at law or in equity, that may now exist or in the future be available based on discovery and further factual investigation or discovery in this case.

## III. COUNTERCLAIMS

Counterclaim-plaintiffs Safeway Inc. ("Safeway"), Blackhawk Network, Inc. ("Blackhawk Network"), and Randall's Food & Drugs LP's ("Randall's") (collectively "Counterclaim-Plaintiffs") allege the following counterclaims against Counterclaim-defendant Excentus Corporation ("Counterclaim-Defendant"):

**PARTIES**

1. Safeway is a corporation existing under the laws of Delaware with a place of business at 5918 Stoneridge Mall Road, Pleasanton, California 94588.

2. Blackhawk Network is a corporation existing under the laws of Arizona with a place of business at 6220 Stoneridge Mall Road, Pleasanton, California 94588.

3. Randall's is a limited partnership existing under the laws of Delaware with a place of business at 3663 Briarpark Drive, Houston, Texas 77042.

4. On information and belief, Excentus is a corporation existing under the laws of Texas with a place of business at 1255 Corporate Drive, Suite 100, Irving, Texas 75038.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202, and 35 U.S.C. § 1, *et seq*.

6. This Court has personal jurisdiction over Counterclaim-Defendant because Counterclaim-Defendant has commenced the underlying patent infringement action in this court.

7. Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400.

## COUNTERCLAIM I

## (Declaratory Judgment of Non-Infringement)

8. Counterclaim-Plaintiffs hereby incorporate by reference Paragraphs 1–7 of the Counterclaims as if fully set forth herein.

9. Counterclaim-Defendant purports in the Original Complaint ("Complaint") to hold all rights and interests in U.S. Patent Nos. 6,321,984 ("the '984 Patent"), 6,332,128 ("the '128 Patent"), 6,732,081 ("the '081 Patent"), and 7,383,204 ("the '204 Patent").

10. Counterclaim-Plaintiffs have not and are not infringing, either directly or indirectly by way of inducing infringement or contributory infringement, any claim of the '984 Patent either literally or under the doctrine of equivalents.

11. Counterclaim-Plaintiffs have not and are not infringing, either directly or indirectly by way of inducing infringement or contributory infringement, any claim of the ’128 Patent either literally or under the doctrine of equivalents.

12. Counterclaim-Plaintiffs have not and are not infringing, either directly or indirectly by way of inducing infringement or contributory infringement, any claim of the ’081 Patent either literally or under the doctrine of equivalents.

13. Counterclaim-Plaintiffs have not and are not infringing, either directly or indirectly by way of inducing infringement or contributory infringement, any claim of the ’204 Patent either literally or under the doctrine of equivalents.

## COUNTERCLAIM II

## (Declaratory Judgment of Invalidity)

14. Counterclaim-Plaintiffs hereby incorporate by reference Paragraphs 1–13 of the Counterclaims as if fully set forth herein.

15. Each and every claim of the ’984 Patent is invalid for failure to meet the conditions for patentability specified in, among others, 35 U.S.C. §§ 101, 102, 103, and/or 112.

16. Each and every claim of the ’128 Patent is invalid for failure to meet the conditions for patentability specified in, among others, 35 U.S.C. §§ 101, 102, 103, and/or 112.

17. Each and every claim of the ’081 Patent is invalid for failure to meet the conditions for patentability specified in, among others, 35 U.S.C. §§ 101, 102, 103, and/or 112.

18. Each and every claim of the ’204 Patent is invalid for failure to meet the conditions for patentability specified in, among others, 35 U.S.C. §§ 101, 102, 103, and/or 112.

**COUNTERCLAIM III**

**(Declaratory Judgment of Unenforceability)**

19. Counterclaim-Plaintiffs hereby incorporate by reference Paragraphs 1–18 of the Counterclaims as if fully set forth herein.

20. The ’984 Patent is unenforceable based upon, *inter alia*, the doctrine of prosecution laches, waiver, estoppel, implied license, actual license, acquiescence, unclean hands, and/or other applicable equitable doctrines.

21. The ’128 Patent is unenforceable based upon, *inter alia*, the doctrine of prosecution laches, waiver, estoppel, implied license, actual license, acquiescence, unclean hands, and/or other applicable equitable doctrines.

22. The ’081 Patent is unenforceable based upon, *inter alia*, the doctrine of prosecution laches, waiver, estoppel, implied license, actual license, acquiescence, unclean hands, and/or other applicable equitable doctrines.

23. The ’204 Patent is unenforceable based upon, *inter alia*, the doctrine of prosecution laches, waiver, estoppel, implied license, actual license, acquiescence, unclean hands, and/or other applicable equitable doctrines.

**PRAYER FOR RELIEF**

WHEREFORE, Counterclaim-Plaintiffs respectfully prays that the Court grant Counterclaim-Plaintiffs the following relief:

1. A denial of any and all relief requested by Counterclaim-Defendant, as set for in the Prayer of the Complaint, and a dismissal of the claims alleged in the Complaint in their entirety with prejudice;

2. A declaration that Counterclaim-Plaintiffs do not and have not willfully or otherwise infringed, contributed to the infringement of, or induced the infringement of any claim of the ’984, ’128, ’081, or ’204 Patent;

3. A declaration that the ’984, ’128, ’081, and ’204 Patents are invalid;

4. A declaration that the ’984, ’128, ’081, and ’204 Patents are unenforceable;

5. A declaration that Counterclaim-Plaintiffs have not misappropriated any of Counterclaim-Defendant’s alleged trade secrets and confidential information;

6. An injunction restraining and enjoining Counterclaim-Defendant from enforcing, attempting to enforce, or threatening to enforce against Counterclaim-Plaintiffs, or any other party, any claim of the ’984, ’128, ’081, or ’204 Patent;

7. An order that Counterclaim-Defendant take nothing by its Complaint against Counterclaim-Plaintiffs;

8. A declaration that this case is exceptional and an award to Counterclaim-Plaintiffs of its reasonable attorneys’ fees and costs pursuant to 35 U.S.C. § 285;

9. An award to Counterclaim-Plaintiffs for its costs and reasonable expenses and attorneys’ fees in connection with this action; and

10. A grant to Counterclaim-Plaintiffs of such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Counterclaim-Plaintiffs demand a trial by jury of any and all issues triable of right before a jury.

Dated: August 19, 2009

Respectfully submitted,

**MCKOOL SMITH, P.C.**

s/ Robert M. Manley
Robert M. Manley
Texas State Bar No. 00787955
rmanley@mckoolsmith.com
Douglas Cawley
Texas State Bar No. 04035500
dcawley@mckoolsmith.com
Ivan Wang
Texas State Bar No. 24042679
iwang@mckoolsmith.com
Jonathan Yim
Texas State Bar No. 24066317
jyim@mckoolsmith.com
300 Crescent Court, Ste. 1500
Dallas, TX 75201
Telephone: (214) 978-4000
Facsimile: (214) 978-4044

John Campbell
Texas State Bar No. 24036314
jcampbell@mckoolsmith.com
300 W. 6th St., Ste. 1700
Austin, Texas 78701
Telephone: (512) 692-8700
Facsimile: (512) 692-8744

**ATTORNEYS FOR DEFENDANTS SAFEWAY INC., BLACKHAWK NETWORK, INC., BLACKHAWK MARKETING, LLC, AND RANDALL'S FOOD & DRUGS LP**

## CERTIFICATE OF SERVICE

On August 19, 2009, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel and/or *pro se* parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5 (b)(2).

/s/ Robert Manley
Robert Manley